MARGARET R. GREENE, as Executrix, etc., of PHEBE ABBEY, Deceased, Respondent, *v.* EMMA S. REYNOLDS, Appellant.

*Inchoate right of dower under a conveyance upon conditions — defeat of the dower interest on the failure of the husband's title through non-performance of the conditions — costs.*

A wife's inchoate right of dower in premises which have been conveyed to her husband upon the sole consideration of the performance by him of conditions named in the conveyance (such as the support and maintenance of the grantor) ceases and determines on the failure of the husband's title through non-performance of the conditions of the conveyance to him; and if, on such failure to perform, the grantor re-enters for condition broken and the husband voluntarily conveys the premises back to the grantor by an instrument in which the wife does not join, her apparent dower right may be foreclosed, and declared forfeited and terminated, in an action brought against her for that purpose.

It is proper to allow costs against the wife, the defendant in such action.

APPEAL by the defendant, Emma S. Reynolds, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Cayuga county on the 20th day of June, 1892, upon the report of a referee.

*F. D. Wright* and *Frank C. Cushing*, for the appellant.

*John D. Teller*, for the respondent.

LEWIS, J.:

This action was brought to obtain a judgment declaring the defendant's inchoate right of dower in certain premises in the city of Auburn, county of Cayuga, conveyed to her husband, Fred A. Reynolds, by his grandmother, Phebe Abbey, forfeited and terminated.

The referee, to whom the action was referred upon evidence sustaining his findings, found as facts that Phebe Abbey, a resident of the city of Auburn, was the owner in fee of the premises described in the complaint, and on November 5, 1890, she entered into an agreement with her grandson, Fred A. Reynolds, to convey to him the premises described in the complaint, on condition that he assume and fulfill the covenants and conditions set forth in the deed as the consideration for the grant, and that, relying upon said agreement, she executed and delivered to him a conveyance of said premises upon the conditions stated therein, to the effect that the grantee should support, maintain and clothe the grantor during the term of her natural life, pay her funeral expenses, keep the buildings upon the premises insured and in good repair, and pay the taxes and assessments thereon, and that, upon failure to perform any of said covenants and conditions, the grant should be void and of no effect. These conditions were the sole considerations for the conveyance. Reynolds accepted the deed, assented to the covenants and conditions, went into possession of the premises, but he wholly failed and neglected to perform on his part, and conceded his inability so to do, and on the 31st day of January, 1891, at the request of the grantor, he executed and delivered to her a quit-claim deed reconveying the premises. The sole and only consideration for said reconveyance was his failure to keep and perform his agreements and covenants contained in the deed to him. Mrs. Abbey on the same day presented the deed to the defendant, and requested her to join in the execution thereof, which she refused to do, and thereupon this action was commenced. Mrs. Abbey died after the commencement of the action, leaving a last will, which was duly admitted to probate, and letters testamentary were granted to the plaintiff, who was the executrix named therein.

The plaintiff was the sole devisee of the real estate described in the complaint, and was by the will authorized to sell and convey the same as executrix.

The referee found as conclusions of law that the estate acquired by Fred A. Reynolds under the deed from Phebe Abbey was forfeited on account of the breach of the conditions upon which the same was held, and that the estate of the defendant in said premises was at the same time terminated by the forfeiture of the principal estate, and that she had no interest as doweress or otherwise in the premises described in the complaint, and directed judgment accordingly.

The defendant was at the time of the conveyances mentioned, and still is, the wife of the grantee, Fred A. Reynolds. The reconveyance to Mrs. Abbey by her husband was without her knowledge or consent.

The defendant's dower interest in the land was a mere incident to the title held by her husband.

The instrument by which he took the title provided that if he failed to pay for the property by performing the conditions contained in the deed the grant should be void and of no effect. The sole and only consideration for the conveyance of the property was the grantee's agreement to perform the conditions upon which he was to have the property. Plaintiff's right to dower in the premises depended upon the performance by her husband of the conditions mentioned. The husband voluntarily reconveyed the property to his grantor, being unable or unwilling to perform his part of the agreement. Had he refused to reconvey and a joint action against himself and wife had been brought upon the evidence presented by this record, plaintiff would have been entitled to a judgment declaring the conveyance void as against both defendants.

The defendant moved away from the premises a few days after her husband reconveyed them, so that Mrs. Abbey was fully restored to her former possession. It was the case of a re-entry into the possession of an estate for a breach of a condition upon which the estate was held, and the dower interest of the wife, being a mere incident to the title of her husband, fell with the estate of the husband. *Beardslee* v. *Beardslee,* 5 Barb. 324.

Upon the same principle that in case of a deed and a mortgage executed simultaneously for the purchase money, the right of dower of the wife of the grantee is liable to be defeated by the foreclosure of the mortgage for the non-payment of the purchase money.

Mrs. Abbey, in fact, continued to reside upon the premises from a time prior to the conveyance to her grandson, and up to the time of her death. The doctrine that the breach of a condition subsequent does not defeat an estate until entry by the grantee has no application in this case, for hers was a re-entry for conditions broken. The plaintiff having shown a state of facts which would have entitled her to a judgment declaring the conveyance to the defendant's husband void, there would not seem to be any good reason why her action to foreclose and divest the defendant's apparent dower interest should fail because of the voluntary surrender by her husband of his rights and interest in the property of his grantor.

The referee gave the plaintiff costs against the defendant; the defendant claims this was an error. The defendant, by refusing to join with her husband in the conveyance, put the plaintiff to the necessity of commencing and prosecuting the action.

It was within the discretion of the referee to allow costs, and we see no reason for disturbing the judgment because he exercised that discretion in favor of the plaintiff.

The judgment appealed from should be affirmed, with costs against the defendant.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.

---

In the Matter of the Probate of the Last Will and Testament of ASHER W. MINER, Deceased.